FILED
2016 Jun-24  AM 11:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **TYRONE TISDALE,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  5:15-cv-01334-MHH** |
| | } | |
| **CAROLYN W. COLVIN,** | } | |
| **Commissioner of the** | } | |
| **Social Security Administration,** | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c), plaintiff Tyrone Tisdale seeks judicial review of a final adverse decision of the Commissioner of Social Security. The Commissioner denied his claims for a period of disability, disability insurance benefits, and supplemental security income.   After careful review, the Court remands the Commissioner's decision.

## I.    PROCEDURAL HISTORY

Mr. Tisdale applied for a period of disability and disability insurance benefits on December 13, 2012.  (Doc. 4-7, p. 2).  Mr. Tisdale applied for supplemental security income on January 10, 2013.  (Doc. 4-7, p. 4).  Mr. Tisdale

alleges that his disability began on April 30, 2012.  (Doc. 4-8, pp. 2-3).[1]  The Commissioner initially denied Mr. Tisdale's claims on April 4, 2013.  (Doc. 4-4, p. 46).  Mr. Tisdale requested a hearing before an Administrative Law Judge (ALJ). (Docs 4-4, pp. 45-85; 4-6, pp. 9-10).  The ALJ issued an unfavorable decision on April 7, 2014.  (Doc. 4-4, pp. 39-40).  On July 24, 2015, the Appeals Council declined Mr. Tisdale's request for review (Doc. 4-3, pp. 2-7), making the Commissioner's decision final and a proper candidate for this Court's judicial review.  *See* 42 U.S.C. §§ 405(g), 1383(c).

## II.    STANDARD OF REVIEW

The scope of review in this matter is limited.  "When, as in this case, the ALJ denies benefits and the Appeals Council denies review," the Court "review[s] the ALJ's 'factual findings with deference' and [his] 'legal conclusions with close scrutiny.'"  *Riggs v. Comm'r of Soc. Sec.*, 522 Fed. Appx. 509, 510-11 (11th Cir. 2013) (quoting *Doughty v. Apfel,* 245 F.3d 1274, 1278 (11th Cir. 2001)).

The Court must determine whether there is substantial evidence in the record to support the ALJ's findings.  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir.

---

[1]At the administrative hearing, Mr. Tisdale revised his alleged disability date to April 30, 2012. (Doc. 4-4, pp. 32-33).  He initially alleged that his disability began on April 15, 2010.  (Doc. 4-8, pp. 2-3).

2004).  In evaluating the evidence in the administrative record, the Court may not "decide the facts anew, reweigh the evidence" or substitute its judgment for that of the ALJ.  *Winschel v. Comm'r of Soc. Sec. Admin.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotations and citation omitted).   If the ALJ's decision is supported by substantial evidence, the Court "must affirm even if the evidence preponderates against the Commissioner's findings."  *Costigan v. Comm'r, Soc. Sec. Admin.*, 603 Fed. Appx. 783, 786 (11th Cir. 2015) (citing *Crawford*, 363 F.3d at 1158).

With respect to the ALJ's legal conclusions, the Court must determine whether the ALJ applied the correct legal standards.  If the Court finds an error in the ALJ's application of the law, or if the Court finds that the ALJ failed to provide sufficient reasoning to demonstrate that the ALJ conducted a proper legal analysis, then the Court must reverse the ALJ's decision.  *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## III.   SUMMARY OF THE ALJ'S DECISION

To determine whether a claimant has proven that he is disabled, an ALJ follows a five-step sequential evaluation process.  The ALJ considers:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past

3

relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178.

In this case, the ALJ found that Mr. Tisdale has not engaged in substantial gainful activity since April 30, 2012, the alleged onset date. (Doc. 4-4, p. 34). The ALJ determined that Mr. Tisdale suffers from the following severe impairments: recurrent renal stones, status-post left ureteroscopy with laser lithotripsy and stenting, obesity, small hiatal hernia, and sinusitis/allergic rhinitis and/or asthma. (Doc. 4-4, pp. 34-35). The ALJ concluded that Mr. Tisdale has the following non-severe impairments: back and neck pain, GERD, sleep apnea, and intermittent insomnia. (Doc. 4-4, p. 35). Based on a review of the medical evidence, the ALJ concluded that Mr. Tisdale does not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Doc. 4-4, p. 36).

In light of Mr. Tisdale's impairments, the ALJ evaluated Mr. Tisdale's RFC. The ALJ determined that Mr. Tisdale has the RFC to perform:

> light work, as defined in 20 CFR 404.1567(b) and 416.967(b), with occasional lifting and carrying up to 20 pounds and frequently lifting and carrying up to 10 pounds. The claimant is able to sit up to eight hours, and stand/walk up to six hours, in combination with normal breaks, during and eight hour workday. The claimant is further limited to no more than frequent balancing, occasional stooping, kneeling, crouching, crawling, and climbing of ramps and stairs, and must never

climbing [sic] ladders, ropes, or scaffolds. The claimant must avoid concentrated exposure to pulmonary irritants (e.g., fumes, dust, gases, odors, and areas of poor ventilation), extreme heat and cold, and work areas with vibration. The claimant must avoid industrial hazards including unprotected heights and working in close proximity to moving dangerous machinery.

(Doc. 4-4, pp. 36-37). Based on this RFC, the ALJ concluded that Mr. Tisdale is able to perform his past relevant work as a mechanical drafter, assistant manager retail, customer service representative clerk, and customer representative-cable. (Doc. 4-4, p. 39). Accordingly, the ALJ determined that Mr. Tisdale has not been under a disability within the meaning of the Social Security Act. (Doc. 4-4, p. 39).

## IV.   ANALYSIS

Mr. Tisdale contends that the ALJ failed to consider the majority of the medical evidence regarding Mr. Tisdale's renal stones, and therefore the ALJ's RFC determination is not supported by substantial evidence.[2] The Court agrees.[3]

"An RFC determination is an assessment, based on all relevant evidence, of a claimant's remaining ability to do work despite [his] impairments." *Packer v. Commissioner, Social Sec. Admin.*, 542 Fed. Appx. 890, 891 (11th Cir. 2013)

_____

[2] Mr. Tisdale does not challenge the ALJ's assessment of his (Mr. Tisdale's) other severe impairments. (Doc. 11, p. 3).

[3] Mr. Tisdale also argues that he is entitled to relief from the ALJ's decision because (1) substantial evidence does not support the ALJ's finding that Mr. Tisdale's subjective complaints were not fully credible; and (2) the ALJ's decision is inconsistent with the testimony of the vocational expert. Because the Court finds the first issue meritorious, the Court does not address Mr. Tisdale's other arguments.

(citing *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997)).  "There is no rigid requirement that the ALJ specifically refer to every piece of evidence, so long as the ALJ's decision is not a broad rejection, i.e., where the ALJ does not provide enough reasoning for a reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole."  *Packer,* 542 Fed. Appx. at 891-92 (citing *Dyer v. Barnhart,* 395 F.3d 1206, 1211 (11th Cir. 2005)).

In reaching her RFC determination, the ALJ stated that "hospital records and treatment notes document the claimant 'has had some flare up of his renal problem off and on.'"  (Doc. 4-4, p. 38; *see also* Doc. 4-14, p. 22).[4]  She also referenced abdominal CT scans in January and February of 2013 that revealed small non-obstructing renal stones, which attending physicians treated with "narcotic analgesics intravenously and discharged him on oral analgesics and muscle relaxers with no restrictions."  (Doc. 4-4, p. 38; *see also* Docs. 4-14, p. 27, 38, 41; 4-15, p. 61).  The ALJ considered treatment notes from Dr. Joseph Pettus.  (Doc. 4-4, p. 38).  On April 25, 2013, Dr. Pettus performed a left retrograde pyelogram and laser lithotripsy without complications.  (Doc. 4-4, p. 38; *see also* Doc. 4-14, pp. 34-36).  Finally, the ALJ noted that CT scans conducted in May, June, and November of 2013 showed "bilateral non-obstructing renal calculi with no action

---

[4] The hospital record to which the ALJ referred explained as part of Mr. Tisdale's social history that he "has had some flare up of his renal problem off and on."  (Doc. 4-14, p. 22).  This statement is not a diagnosis or a conclusion based on a medical examination.

required."  (Doc. 4-4, p. 38; *see also* Docs. 4-14, pp.78-80; 4-15, pp. 5-8; 4-16, p. 101).

The ALJ's summary of the portion of Mr. Tisdale's medical records related to his renal stones is not representative of the severity of Mr. Tisdale's condition. For example, although the ALJ acknowledged "CT scans in January and February of 2013," she failed to mention that these scans were conducted during a period of ten days during which Mr. Tisdale was hospitalized for kidney stones.  (Docs. 4-4, p. 38; 4-13 pp. 38-97).  Her reference to other CT scans where "no action [was] required" does not account for the pain and time that Mr. Tisdale testified he needs to pass a kidney stone.  (Doc. 4-14, pp. 79-80).

Furthermore, the ALJ's decision does not suggest that she considered the majority of the evidence documenting Mr. Tisdale's hospitalizations for his renal stones.  The ALJ failed to consider records documenting a hospitalization from January 18-20, 2010 at Huntsville Hospital where Mr. Tisdale presented with "multiple kidney stones in either kidney," a radiology consultation at Huntsville Hospital on October 10, 2010 were Mr. Tisdale presented with a "small shadowing stone in left kidney" and "mild dilation of the proximal right ureter," a hospitalization of nine days from October 14-22, 2010 at Huntsville Hospital where Mr. Tisdale passed a 3mm-renal stone and presented with severe right ureteral colic and right ureteral calculus, and a hospitalization from September 25-

30, 2010 at Huntsville Hospital where Mr. Tisdale presented with acute kidney injury and recurrent nephrolithiasis. (Docs. 4-13, pp. 3-10; 4-10, p. 19; 4-12, pp. 90-92; 4-13, pp. 12-21).

The ALJ's analysis also fails to mention a hospitalization from January 12-13, 2013 at Huntsville Hospital where Mr. Tisdale was treated for renal stones (Doc. 4-13, 47-60); a February 1, 2013 consultation at Huntsville Hospital where doctors diagnosed him with a 3-mm renal stone (Doc. 4-13, p. 34); a hospitalization from March 13-15, 2013 at Huntsville Hospital where Mr. Tisdale was treated for his nephrolithiasis and was found to have kidney stones (Doc. 4-16, pp. 12-15); a visit to Huntsville Hospital Imaging Center on April 11, 2013 where scans revealed a small right renal angiomyolipoma (Doc. 4-16, pp. 90); a visit to North Alabama Urology on April 30, 2013 where physicians diagnosed another kidney stone and removed a stent used to help Mr. Tisdale pass kidney stones (Docs 4-15, pp. 63-65; 4-16, pp. 4-6); a visit to Huntsville Hospital where doctors found bilateral nonobstructing renal calculi (Doc. 4-16, pp. 46-47); a visit to Huntsville Hospital where physicians found multiple echogenic, nonobstructing renal calculi (Doc. 4-16, p. 48); a UAB clinic visit on June 13, 2013 where doctors found renal calculi (Doc. 4-14, pp. 76-84); a visit to Crestwood Medical Center on November 23, 2013 where physicians found bilateral nonbstructing internal calculi (Doc. 4-16, 101-102); a visit to Huntsville Hospital on December 12, 2013 where

doctors noted that Mr. Tisdale was in the process of passing renal stones (Doc. 4-17, pp. 4-9); a visit to Huntsville Hospital on February 10, 2014 where doctors founds that Mr. Tisdale has recurrent renal calculi, bloody urine, and vomiting (Doc. 4-3, pp. 22-24); a hospitalization at Huntsville Hospital from February 27-28, 2014 noting Mr. Tisdale's kidney pain (Doc. 4-9, 2-28); a visit to the Huntsville Hospital Emergency room where doctors prescribed acetaminophen and hydrocodone for the intensity of Mr. Tisdale's kidney pain (Doc. 4-18, 46, 8-11); or a hospitalization at Huntsville Hospital from March 12-13, 2014 where doctors treated Mr. Tisdale for recurrent kidney stones.  (Doc. 4-18, 16-45).

The ALJ erred by not considering most of the medical evidence concerning Mr. Tisdale's kidney stones.  This error is not harmless.  The regulations provide that an ALJ must evaluate allegations of pain with respect to the "duration, frequency, and intensity of [the] pain."  20 C.F.R. § 404.1529(c)(3)(ii).  Moreover, when making an RFC determination, an ALJ must assess a claimant's ability to work "on a regular and continuing basis."  20 C.F.R. § 1545(b); *see also see Rizzo v. Astrue*, 2010 WL 137805, at *2 (M.D. Fla. Jan. 12, 2010) ("[W]hen a claimant has an impairment that causes periods of exacerbations, findings regarding their

duration, frequency, and intensity are necessary in order to determine whether these periods would preclude work on a regular basis.").[5]

Because the ALJ did not adequately consider multiple hospitalizations for kidney stone treatment, the ALJ did not properly evaluate whether the frequency and duration of Mr. Tisdale's kidney stone flare-ups preclude substantial gainful activity.  Therefore, the Court cannot determine whether substantial evidence supports the ALJ's decision.  *See McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986) (If the record viewed in its entirety indicates that the ALJ "focus[ed] upon one aspect of the evidence and ignor[ed] other parts of the record," then the reviewing court "cannot properly find that the administrative decision is supported by substantial evidence. It is not enough to discover a piece of evidence which supports that decision, but to disregard other contrary evidence. The review must take into account and evaluate the record as a whole.").  On remand, the ALJ

---

[5] Between the dates of April 23, 2014 and February 9, 2015, Mr. Tisdale submitted additional medical records to the Appeals Council.  Those records indicate that Mr. Tisdale was hospitalized an additional 23 days after the administrative hearing. (Docs 4-4, pp. 13-14; 4-3, pp. 41-45, 27-28, 19-20).  The Eleventh Circuit has held that "when a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous."  *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007).  The additional records that Mr. Tisdale submitted to the Appeals Council show a consistent pattern of hospitalization that speaks to Mr. Tisdale's inability to work consistently.  When considered with the hospitalizations that were documented in the record before the ALJ, the record reflects that Mr. Tisdale was hospitalized for more than 50 days between January of 2013 and early February of 2015.  The Court notes that at the administrative hearing, the VE testified that were an individual with Mr. Tisdale's impairments "expected to be absent from the workplace an average of two or more days of work per month," the individual's absenteeism would "preclude all work activity, both past and those identified," and the VE "would not be able to identify any positions in the DOT or the SCO that the individual could perform." (Doc 4-4, p. 82).

should reevaluate her RFC determination for Mr. Tisdale and Mr. Tisdale's credibility in light of the multiple hospitalizations that the objective medical evidence reflects, including the additional medical records that Mr. Tisdale submitted to the Appeals Council.   *See Lewen v. Comm'r of Soc. Sec.*, 605 Fed. Appx. 967, 968 (11th Cir. 2015) (the ALJ's decision should enable "the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole").

## V.    CONCLUSION

For the reasons discussed above, the Court remands the decision of the Commissioner for further administrative proceedings consistent with the Court's memorandum opinion.

**DONE** and **ORDERED** this June 24, 2016.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE